IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEANNE M. ATHEY                                                                              PLAINTIFF

     v.         Civil No. 2:12-cv-02278-PKH-JRM

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 9, 2012, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Subsequently, an order was issued directing Plaintiff to provide more information on her IFP application. ECF No. 5. On November 21, 2012, Plaintiff requested an extension of time to file her amended motion, which the undersigned granted. ECF No. 6. Plaintiff filed her amended IFP application on November 27, 2012. ECF No. 7.

The undersigned notes that Plaintiff did not file her amended IFP application in a timely manner.[1] Failure to comply with a court order is grounds for denying Plaintiff's motion outright. However, notwithstanding Plaintiff's untimely filing, the undersigned has considered the merits of her request and concludes that she does not qualify for indigent status.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be

---

[1] In Plaintiff's Motion for Extension of Time to File Amended Motion, she requested an extension of time to November 26, 2012. ECF No. 6. In a text-only order, the undersigned granted Plaintiff's motion. Plaintiff did not file her amended motion until November 27, 2012. ECF No. 7.

"completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338. The decision whether to grant or deny IFP status is within the sound discretion of the trial court. *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Plaintiff's amended IFP application indicates that her husband receives approximately $3,000.00 in Veterans Administration benefits and $1,500.00 in Social Security benefits on a monthly basis. ECF No. 7, at 1. Plaintiff and her husband make mortgage payments on their home, which is valued at $64,000.00. ECF No. 7, at 2. They have no dependent children.

The undersigned recognizes that Plaintiff has no income of her own and relies solely upon her spouse's resources. However, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her family. *See Helland v. St. Mary's Duluth Clinic Health Sys.,* 2010 WL 502781, at *3 n. 1 (D. Minn. Feb. 5, 2010); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756, at *3 (N.D. Ind. August 18, 1993) ("the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915"). Plaintiff has not provided evidence that her monthly household income of $4,500.00 is insufficient to pay the $350.00 filing fee, nor has she shown that paying the filing fee would result in undue economic hardship. Accordingly, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

The undersigned recommends that Plaintiff's IFP application be denied and she be required to tender the filing fee of $350.00. **The parties have <u>fourteen</u> days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and**

**specific to trigger de novo review by the district court.**

ENTERED this 29th day of November 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE